```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA              CRIMINAL ACTION

VERSUS                                NO: 05-297

JOHNNIE SIMS                          SECTION: "J"
```

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Withdraw Plea of Guilty (Rec. Doc. 245). For the reasons below, Defendant's Motion is **DENIED**.

**BACKGROUND**

Johnnie Sims was indicted on February 6, 2006 in a six count indictment along with Chris Walker and Chesia Brumfield. The counts charged as follows:

- Count One charges Mr. Sims with conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)-(b).

- Count Four charges Mr. Sims with knowingly and intentionally conspiring to kill with premeditation and malice aforethought, Chad Scott, a Special Agent of the United

> States Drug Enforcement Administration in violation of 18
> U.S.C. §§ 1111, 1114, 1117.  Count four alleges specific
> overt acts in furtherance of the conspiracy.

- Count Five charges that Mr. Sims, having been previously convicted of a felony, was found to be in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).
- Count Six charges that Mr. Sims knowingly possessed a firearm in furtherance of a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

Mr. Sims was arraigned on February 9, 2006, and pled not guilty to all charges.  The government filed a Bill of Information against Mr. Sims in November 2006 in order to establish a prior conviction.  On October 26, 2006, this Court ordered that Johnnie Sims undergo a psychiatric examination in order to determine if he was competent to stand trial.  This Court held a competency hearing on November 16, 2006, and relying on the report presented by Dr. Rennie Culver, the Court found that Mr. Sims was competent to stand trial.  Thereafter, the Court held a change of plea hearing, where Mr. Sims pled guilty to Counts 1, 4, 5, and  6 of the superseding indictment, as described above.

Mr. Sims has filed the instant motion to withdraw his plea of guilty.

2

**DISCUSSION**

The *Federal Rules of Criminal Procedure* provide that a defendant may withdraw a plea of guilty after the court accepts a plea, but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B).[1]  Nonetheless, the Fifth Circuit has long held that a Defendant does not have the absolute right to withdraw his guilty plea.  *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  A defendant has the burden of showing a fair and just reason for requesting the withdrawal.  *Powell*, 354 F.3d at 370.  Courts in this circuit consider seven factors when determining whether the defendant has met this burden. The factors are:

1. Whether the defendant has asserted his innocence.
2. Whether the withdrawal would prejudice the government.
3. Whether the defendant delayed in filing the Motion and if so, the reason for the delay.
4. Whether the withdrawal would substantially inconvenience the

---

[1] The rules also provide that a defendant may withdraw a plea after the Court accepts a plea but before it imposes a sentence if the Court rejects a plea agreement under FED. R. CRIM. P. 11(c)(5).  *See* FED. R. CRIM. P. 11(d)(2)(A).  Alternatively a defendant may withdraw a plea of guilty at any time before a Court accept a plea agreement.  FED. R. CRIM. P. 11(d)(1).  Neither situation is applicable to the case at bar.

```
      Court.
5.    Whether the adequate assistance of counsel was available to
      the defendant.
6.    Whether the plea was knowing and voluntary.
7.    Whether the withdrawal would waste judicial resources.
```

No one factor is determinative, and district courts are admonished to consider all the factors when considering a motion to withdraw a guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

After considering all the factors, this Court concludes that the Defendant has not shown a fair and just reason for requesting the withdrawal.

1. *Whether the defendant has asserted his innocence*

The Defendant states that he "is innocent of some of the acts listed in the indictment against him." (Rec. Doc. 245, at 4). However, as the Government notes, Defendant gives no showing and no indication of what acts he may be innocent of. While the Defendant waived a formal reading of the indictment at the Defendant's change of plea hearing, the Court did summarize the counts to which the Defendant pled guilty. Transcript of 11/16/06 Change of Plea Hearing for Johnnie Sims ("Transcript"), at p. 9. Thereafter the Court asked the Defendant, "Did you, in fact, do or commit the acts charged in each of these counts as

I've just read them to you?"  *Id.* at 10.  The Defendant responded "Yes, sir."  *Id.*  Accordingly, the Defendant has not shown what acts he is actually innocent of, and already admitted in open court that he committed the acts described in the indictment.

2. *Whether the withdrawal would prejudice the government*

Defendant baldly asserts that that the request for withdrawal is "not designed to gain advantage at the government's expense and would not prejudice the government." (Rec. Doc. 245, at 7).  However, the Defendant has not made any showing as to how the withdrawal would not prejudice the government.  This Court agrees with the Government's assertion that it would be unduly prejudiced by a withdrawal in this case.  Were the guilty plea to be withdrawn, the Government would have to find evidence and witnesses to conduct a trial that it believed had been disposed of at least 17 months ago.  Such a notion would severely prejudice the Government, as it may not be able to find evidence or witnesses after such a long period of time.

3. *Whether the Defendant delayed in filing the motion, and if so, the reason for the delay*

As the Government correctly notes, there is no question that the Defendant delayed in filing his motion to withdraw.  The Court held a change of plea hearing on November 16, 2006, and yet Defendant's motion to withdraw his plea was not filed until April

5

11, 2008.  Defendant argues that he first tried to withdraw his plea in July, 2007, but that his counsel at the time would not file the motion.  Even assuming that Defendant is correct, this is still a delay of 8 months for which there is no explanation.

In *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994), the court considered a defendant who sought to withdraw his guilty plea six weeks after it was entered.  The court found that the six week delay was significant, and that the defendant's claims would carry more weight if the motion to withdraw had been filed earlier.  In the case at bar, the Defendant waited at least 8 months before attempting to file the motion, and a full 17 months before the motion was actually filed.  This delay is particularly significant.  Had the motion been filed closer to the time of the plea agreement, then the Defendant's arguments that he did not know what he was pleading guilty to, and his arguments regarding ineffective assistance of counsel might have carried more weight.

4. *Whether the withdrawal would substantially inconvenience the Court*

While the Court's primary interest in this criminal case is the pursuit of justice, it must be noted that a withdrawal would require that this case be set for trial on an already crowded trial docket.  Counsel are well aware that the Court's docket is

6

particularly full given the large numbers of Katrina related lawsuits that have flooded the Eastern District of Louisiana.

5. *Whether close assistance of counsel was available to the defendant*

It does not appear to be a secret that Mr. Sims and his previous attorney, Ms. Laurie White, did not get along.  However, this court was only made aware of the defendant's dissatisfaction with Ms. White in July of 2007 when it received a letter from the Defendant requesting a new attorney as well as a motion by Ms White to withdraw as counsel.  The Defendant notes that Ms. White had some concerns about Mr. Sim's mental state.  The Defendant notes that the plea agreement was negotiated at the same time that his attorney had questioned his mental capacity, and asserted that she had had difficulty communicating with her client.

However, the Defendant asserted in open court that he had "enough time to fully discuss [his] case and . . . possible defenses with [his] attorney."  Transcript, at 6.  Further when asked whether he was satisfied with the services of his attorney, the Defendant answered "Yes, sir."  *Id.*

Contrary to the Defendant's assertion that there was no benefit to the plea deal, the plea agreement itself prevented the government from charging Mr. Sims with counts that would carry a

7

mandatory life sentence.  Ms. White represented Mr. Sims to the best of her ability, and it cannot be credibly asserted that he was not afforded the assistance of counsel in formulating this plea agreement.

### 6. *Whether the plea was knowing and voluntary*

In order to be accepted, a plea must be knowing and voluntary.  FED. R. CRIM. P. 11(c).  In addition, courts have articulated several requirements for a constitutionally valid guilty plea.

"The defendant pleading guilty must be competent and must have notice of the nature of the charges against him.  The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. Finally, the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson,* 201 F.3d 353, 365 (5th Cir. 2000)(citations omitted).

Furthermore, the Fifth Circuit has held that a defendant's statements that his plea is knowing and voluntary creates a presumption that the plea is in fact valid.  *Washington*, 480 F.3d at 316.

This Court went through an extensive colloquy with the Defendant in order to determine whether he understood the nature of the right he was giving up, whether he understood the maximum possible sentence, whether he was satisfied with his attorney and whether he felt coerced or pressured to plead guilty.  There is no indication that Defendant's plea was anything but knowing and voluntary.

The Defendant asserts that his plea was not knowing and voluntary because he did not have ample time to review the plea, and his attorney had exculpating documents.  However, it is not known what these documents are, and bald assertions cannot be enough to overcome the presumption of validity.  *Id.*

7. *Whether the withdrawal would waste judicial resources*

Given the circumstances of this case, it seems unlikely that a withdrawal would waste judicial resources.  The *Carr* court considered a withdrawal a waste of judicial resources when the Defendant pled guilty on the eve of trial after the Court had gathered a petit jury, and had expended large amounts of effort in preparing for trial.  Such is not the case here, and

therefore, a withdrawal would not necessarily waste judicial resources.

However, this factor alone cannot outweigh the other six factors all of which mitigate against withdrawal.

## CONCLUSION

Therefore, after considering all of the factors, Defendant's Motion to Withdraw Plea of Guilty (Rec. Doc. 245) is **DENIED**. This case will proceed with sentencing on May 28, 2008 at 1:30 p.m.

New Orleans, Louisiana this the 13th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE