UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 05-297 |
| JOHNNIE SIMS | SECTION: "J" |

**ORDER AND REASONS**

Before the Court are Petitioner **Johnnie Sims's Motion for Vacate a Plea under § 2255 (Rec. Doc. 307),** the **Government's Opposition (Rec. Doc. 310)**, and Petitioner's **Reply (Rec. Doc. 313).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On February 6, 2006, Petitioner was indicted in a six-count indictment along with co-Defendants Chris Walker and Chesia Brumfield. Charges included drug offenses and conspiracy to kill a federal DEA Agent. In October 2006, this Court ordered that Petitioner undergo a psychiatric examination in order to determine if he was competent to stand trial. Following a competency hearing on November 16, 2006, during which Petitioner was found to be competent, Petitioner entered a guilty plea to Counts 1, 4, 5 and 6 of the superseding indictment.

Petitioner then filed a motion to withdraw his guilty plea, which the Court denied on May 13, 2008, concluding that Petitioner did not meet the burden of showing a fair and just reason for withdrawal.

On June 25, 2008, the Court sentenced Petitioner to 360 months for Counts 1 and 4, a concurrent 120-month sentence on Count 5, and a consecutive 60-month sentence on Count 6. Petitioner, represented by counsel, appealed his sentence, and the Fifth Circuit rejected his

1

appeal on September 10, 2009. On December 28, 2009, the Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On December 9, 2010, Petitioner sent a letter to the Court requesting a two-month extension to file a habeas case on the grounds that he had misplaced papers and had been transferred facilities.

Petitioner filed his instant Motion on February 14, 2011.

## DISCUSSION

Petitioner has one year from the "date on which the judgment of conviction becomes final" to file a motion under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final when the United States Supreme Court denied his Petition for Writ of Certiorari on December 28, 2009. See, e.g., Clay v. United States, 537 U.S. 522, 527-29 (2003). Accordingly, Petitioner had one year to file his § 2255 motion, expiring December 28, 2010. Petitioner did not file the instant Motion until February 14, 2011.

Although Petitioner filed his Petition after December 28, 2010, the one-year statute of limitations is subject to equitable tolling, which is "permissible only in 'rare and exceptional circumstances.'" United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." United States v. Kirkham, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)).

The Court finds that the Petitioner has not demonstrated that equitable tolling is warranted in this case. In his letter to the Court dated December 9, 2010, the Petitioner explained

that his request for more time stemmed from his transfer to another facility and the misplacement of his papers. The Court finds that these circumstances do not amount to rare and extraordinary circumstances contemplated by the doctrine of equitable tolling. Moreover, the thrust of many of Plaintiffs' arguments go to the validity of the plea agreement, which the Court has already thoroughly assessed in its denial of Petitioner's previous motion to withdraw his guilty plea.

The Court also notes that the Court never approved Petitioner's request for additional time.

**IT IS ORDERED** that **Johnnie Sims's Motion for Vacate a Plea under § 2255 (Rec. Doc. 307)** is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of June, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT