UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | No.: 05-297 |
| CHRIS WALKER, JOHNNIE SIMS | SECTION: "J" |

## ORDER & REASONS

Before the Court are Defendant Chris Walker's *Motion to Reduce Sentence* **(Rec. Doc. 350)** and Defendant Johnnie Sims's *Motion to Reduce Sentence* **(Rec. Doc. 352)**. Both Defendants seek to have their sentences reduced under the First Step Act of 2018. The Government opposes both motions (Rec. Doc. 366). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Walker was arrested in 2005 for two drug distribution charges and being a felon in possession of a firearm. While in custody, Walker made several phone calls to Sims about wanting to kill DEA Special Agent Chad Scott, and they discussed hiring a hitman for the murder. DEA agents learned about the plot and introduced an undercover agent posing as a hitman to Walker and Sims. Sims met with the agent and gave him $1,000 as a down payment to murder Agent Scott. Sims was then arrested.

Walker and Sims were charged by superseding indictment with conspiracy to distribute at least 50 grams of cocaine base ("crack"), at least 500 grams of cocaine hydrochloride, and a quantity of marijuana ("Count 1") and conspiracy to murder a federal agent ("Count 4"). Walker was also charged with possession with intent to distribute at least 50 grams of crack and at least 500 grams of cocaine ("Count 2") and being a felon in possession of a firearm ("Count 3"). Sims was also charged with being a felon in possession of a firearm ("Count 5") and possession of a firearm in furtherance of a drug trafficking crime and a crime of violence ("Count 6"). A second superseding indictment added a charge against Walker of solicitation to murder a federal witness ("Count 7").

Sims pleaded guilty pursuant to a plea agreement to all four counts against him. The Government noticed one prior felony drug conviction, which subjected him to a mandatory sentence of 20 years for Count 1. His offense level was 32 for Counts 1 and 5 and 43 for Count 4; accordingly, his combined offense level was 43. After a reduction for acceptance of responsibility, his total offense level was 40. With a criminal history category of VI, his guidelines range was 360 months to life imprisonment. Additionally, his guidelines range for Count 6 was 60 months, to be imposed consecutively with the rest of his sentence. Sims was sentenced to 360 months of imprisonment for Counts 1 and 4; 120 months on Count 5; and a consecutive term of 60 months for Count 6, for a total term of 420 months.

Walker pleaded guilty without a plea agreement to the five counts against him. The Government noticed two of his prior felony drug convictions, which subjected him

to a mandatory life sentence for Counts 1 and 2. *See* 21 U.S.C. § 841(b)(1)(A) (2006). His offense level was 36 for Counts 1, 2, and 3; 45 for Count 4; and 33 for Count 7. Accordingly, his combined offense level was 45, and after the reduction for acceptance of responsibility, his total offense level was 42. With a criminal history category of VI, his guidelines range was 360 months to life imprisonment but was restricted to a minimum of life because of the mandatory minimum for Counts 1 and 2. Walker was sentenced to concurrent terms of life imprisonment on Counts 1, 2, and 4; 120 months for Count 3; and 240 months for Count 7.

Their convictions and sentences were affirmed on appeal. *United States v. Sims*, 340 F. App'x 959 (5th Cir. 2009) (per curiam); *United States v. Walker*, 294 F. App'x 121 (5th Cir. 2008) (per curiam). In 2019, Walker and Sims moved to reduce their sentences under the First Step Act. Pursuant to the Court's General Order, their motions were referred to the 1stSA Committee, which determined that both Walker and Sims were eligible for a sentence reduction under Section 404 of the First Step Act.

## **LEGAL STANDARD**

Under the First Step Act, the Court has discretion to reduce a sentence previously imposed as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the offense was committed. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). The Court determines a new sentence "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Id.* The Court may consider the 18 U.S.C.

§ 3553(a) sentencing factors and the defendant's post-sentencing conduct in determining whether to exercise its discretion. *See United States v. Jackson*, 945 F.3d 315, 322 nn. 7-8 (5th Cir. 2019).

### DISCUSSION

Walker contends he is eligible for a sentence reduction because he is no longer subject to a mandatory life sentence for Counts 1 and 2. He further contends that a reduction is warranted due to his post-sentencing conduct and his age, in light of data from the U.S. Sentencing Commission showing he is less likely to recidivate.

Similarly, Sims contends he is eligible for a sentence reduction because the mandatory minimum sentence for Count 1 was reduced from 20 to 10 years. He asserts a reduction is warranted considering his history of substance abuse and mental health disorders as well as his "extraordinary post-conviction conduct." Sims further contends that, under the First Step Act, his prior felony drug conviction is no longer "billable" because it was a possession offense and therefore does not qualify as a "serious drug offense,"[1] such that the enhanced penalty under § 841(b) would not apply to him if he were convicted of the offense today. While he does not contend that he is only subject to a 5-year mandatory minimum (rather than 10 years), he argues that this change in the law provides further support for a downward variance for him.

However, the Court concludes that a reduction is not warranted for either Walker or Sims. While both have reduced mandatory minimum sentences and thus

---

[1] The First Step Act defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

are eligible for a reduction, Sims did not receive a mandatory minimum sentence at his original sentencing. Rather, the Court specifically imposed a sentence 10 years above the mandatory minimum to account for his participation in the conspiracy to murder a federal agent. His sentence was at the bottom of his guidelines range, which remains unchanged.

As to Walker, although his guidelines range was restricted to life due to the § 851 enhancement, the Court made clear that it "would impose a life sentence under the circumstances of this case" even if his guidelines range were lower: "I would give you the maximum possible sentence considering all of the facts and circumstances here."[2]

Considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, *see* § 3553(a)(1)–(2)(A), the Court declines to exercise its discretion to reduce either sentence.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motions are **DENIED**.

New Orleans, Louisiana, this 23rd day of April, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] (Rec. Doc. 234, at 21-22).